## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR HANAM CAPITAL CORP., | : : : : | Civ. No. 13-6044 (KM)(MAH) |
| Plaintiff, | : : | OPINION |
| v. | : : | |
| SILVER CREEK CONSTRUCTION LLC, et al., | : : : | |
| Defendants. | : : | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of the plaintiff, United States Small Business Administration ("SBA"), as receiver for Hanam Capital Corp. ("Hanam"), for default judgment against the defendants, Silver Creek Construction LLC, Thomas Choi, Atlantic City Showboat, Inc., Boardwalk Regency Corp., and Bank of America Corp., pursuant to Fed. R. Civ. P. 55(b)(2). (Docket No. 12). For the reasons set forth below, I will enter a default judgment.

## I.   BACKGROUND[1]

Plaintiff Hanam is a corporation organized under the laws of New York with places of business in Ridgefield, New Jersey (pre-receivership) and Washington, DC (during the receivership). Compl. (Docket No. 1) ¶ 12. Hanam was licensed by the SBA as a Small Business Investment Company ("SBIC") on May 6, 1987. *Id.* ¶ 13. The SBA was appointed as the Receiver for Hanam on November 30, 2012, and appears in this case in that capacity. *Id.* ¶ 15.

Defendant Silver Creek is a limited liability company organized under the laws of New Jersey with its principal office in Ridgefield Park, New Jersey. *Id.* ¶

---

[1]   The facts are taken from the Complaint and supporting exhibits.

16. Silver Creek was at all relevant times occupying, leasing, or renting a portion of the Mortgaged Premises. *Id.* ¶ 19. Defendant Choi is an individual domiciled in New Jersey. *Id.* ¶¶ 20-21. Choi is a managing member and owner of Defendant Silver Creek. *Id.* ¶¶ 22-23.

Defendant Atlantic City Showboat, Inc. (d/b/a Showboat Casino Hotel) is a corporation organized under the laws of New Jersey with its principal place of business in Atlantic City, New Jersey. *Id.* ¶¶ 24-26. Boardwalk Regency Corp. ("Boardwalk," d/b/a Caesars Atlantic City) is a corporation organized under the laws of New Jersey with a place of business in Atlantic City, New Jersey. *Id.* ¶¶ 29-31. Defendant Bank of America Corp. is a corporation organized under the laws of Delaware with its principal place of business in North Carolina. *Id.* ¶ 34. As explained further below, these three Defendants may have interests in the Mortgaged Premises.

## A. The Mortgage

This foreclosure action concerns a Mortgage dated February 12, 2008 ("Mortgage") for the property at 29 Ridgefield Avenue, Ridgefield Park, NJ 07660, designated and identified on the municipal tax map as Block 135, Lots 6.01 and 7 (the "Mortgaged Premises").[2] Compl. ¶¶ 5, 42. Defendant Choi, the Mortgagor, executed the Mortgage which granted Hanam, the Mortgagee, a first priority Mortgage lien against the Mortgaged Premises. Compl. ¶ 5, 45. The Mortgage is non-residential as defined under N.J.S.A. 2A:50-55, and therefore not subject to Sections 1-9 of the Fair Foreclosure Act. *Id.* ¶ 16.

The Mortgage secured a Note dated February 12, 2008. The Note, which was made to evidence the loan, was executed and delivered by Defendant Silver Creek, as Borrower, to Hanam, the Lender, for $400,000.[3] *Id.* ¶¶ 7, 39-40.

On or around February 12, 2008, contemporaneous with the Mortgage and loan, other related documents were prepared. Silver Creek executed and delivered a Loan Agreement to Hanam. *Id.* ¶ 41. Along with the Note, the Loan Agreement governs and specifies the terms and conditions for the loan and its

---

[2]     A copy of the Mortgage is attached to the Complaint. Ex. C (Docket No. 1-4).

[3]     A copy of the Note is attached to the Complaint. Ex. A (Docket 1-2). The Note states that it is governed, and should be construed in accordance with, New York state law. Compl. ¶ 65.

repayment.[4] *Id.* Silver Creek also executed and delivered a Security Agreement which granted Hanam a first priority security interest in and against all assets of Silver Creek, including all accounts receivable, inventory, machinery, equipment, fixtures, general intangibles and contract rights.[5] *Id.* ¶ 45. Silver Creek also executed a Collateral Assignment of Lease between Choi (as landlord) and Silver Creek (as tenant).[6] *Id.* ¶ 50. Under the Mortgage, Choi assigned to Hanam the rents, issues, and profits of the Mortgaged Premises. *Id.* ¶ 51. Choi also executed and delivered a Member Pledge and Security Agreement which granted Hanam a first priority security interest in Choi's membership interests in and proceeds from Silver Creek.[7] *Id.* ¶ 49. In addition, UCC-1 Financing Statement No. 24585101 was filed with the New Jersey Secretary of State on February 13, 2008, and filed a second time as No. 50511772 on May 2, 2013. *Id.* ¶ 47. Finally, in order to induce Hanam to make the loan and as additional collateral, Choi and non-party Park executed a Guaranty in favor of Hanam. *Id.* ¶ 52.

On or about June 1, 2009, Choi and Hanam executed a Modification of Mortgage, which modified the payment and interest rate provisions of the Note and Mortgage.[8] At that time, a principal sum of $396,204.75 remained unpaid. *Id.* ¶ 53. The Mortgage Modification provided that the outstanding principal balance would be repaid with interest at the rate of 8% per annum over 69 consecutive, monthly installments, with the first installment commencing on July 1, 2009 and further installments continuing until March 1, 2015. *Id.* ¶ 56. The first 6 monthly installments were fixed at $2,641.36 and paid only interest. The next 63 installments were combination principal and interest payments each totaling $3,822.61. *Id.* If no default occurred and the loan was not otherwise accelerated, as of March 1, 2015, the maturity date, all outstanding principal, including a balloon payment of $304,095.69, as well as all accrued

---

[4]   A copy of the Loan Agreement is attached to the Complaint. Ex. B (docket No. 12-3).

[5]   A copy of the Security Agreement is attached to the Complaint. Ex. D (Docket No. 12-5).

[6]   A copy of the Lease is attached to the Complaint. Ex. G (Docket No. 12-8).

[7]   A copy of the Member Pledge and Security Agreement is attached to the Complaint. Ex. F (Docket 12-7).

[8]   A copy of the Mortgage Modification is attached to the Complaint. Ex. H (Docket No. 12-9).

interest, fees, and costs would become due and be paid in full. *Id.* Choi and non-party Park executed their written consent to the Mortgage Modification. *Id.* ¶ 54.

The following Defendants in this action may have or claim to have a right, title, or interest in, or lien upon, the Mortgaged Premises, which accrued subsequent to the first priority lien of the Mortgage, or is subject and subordinate to the Mortgage:

1. Showboat is the holder of a judgment against Choi for $25,000 plus $240 in costs in the Superior Court of New Jersey for Atlantic County, Case No. L 003575-07, and docketed as a lien against real property with the Clerk of the Superior Court of New Jersey in Trenton as Judgment No. J-090599-2008 (the "Showboat Judgment"). *Id.* ¶ 27.

2. Boardwalk is the holder of a judgment entered against Choi on or about April 21, 2008, for $25,000 plus $240 for costs, in the Superior Court of the State of New Jersey for Atlantic County, Case No. L 003591-07 and docketed as a lien against real property with the Clerk of the Superior Court of the State of New Jersey in Trenton as Judgment No. J-090600-2008 (the "Boardwalk Judgment"). *Id.* ¶ 32.

3. Bank of America is the holder of a judgment against Choi and Silver Creek entered on November 5, 2009, for $64,277.58 plus $240 in costs in the Superior Court of the State of New Jersey for the County of Bergen, Case No. L 004432-09 and docketed as a lien against real property with the Clerk of the Superior Court of the State of New Jersey in Trenton as Judgment No. J-269711-2009 (the "BOA Judgment"). *Id.* ¶ 36.

## B. The Default & Receivership

The Mortgage provides that in the case of default, Hanam may do any of the following: (1) take possession of and manage the premises, including collecting rents and profits, (2) have a court appoint a receiver to accept rent for the property, (3) commence a foreclosure action, (4) sue the Mortgagor for any money owed to the Lender, or (5) declare the entire unpaid amount of principal and interest to be immediately due and payable. *Id.* ¶¶ 63-64.

On or before November 1, 2008, Silver Creek failed to pay one of more of the monthly installments required under the Note. *Id.* ¶¶ 67-68. As a result, by

4

November 15, 2008, Silver Creek defaulted. Non-payment had continued for more than 10 days and any payments made by Silver Creek were insufficient to satisfy the principal, interest, charges, and fees due. *Id.* ¶¶ 71-72. Multiple payments received on the account of Silver Creek were dishonored upon presentment for payment. The last payment that was not dishonored was received on about January 25, 2011, and was not sufficient to satisfy the amount payable. *Id.* ¶¶ 74-75. No further payments were received. *Id.* ¶ 76. In 2012 and 2013, the non-payment of all or some of the real estate taxes for the Mortgaged Premises resulted in one or more tax liens. *Id.* ¶ 78.

On November 30, 2012, SBA was appointed as the Receiver for Hanam in a separate receivership action in this Court, *United States of America v. Hanam Capital Corp.*, Civ. No. 12-6994 (KM). Compl. ¶¶ 1, 80. Under the Consent Order of Receivership, the Court took exclusive jurisdiction over all of Hanam's assets pursuant to 15 U.S.C. § 687c(b). Compl. ¶¶ 1, 3. The Court imposed a blanket judicial stay on all civil actions concerning Hanam and its assets. Compl. ¶ 3. The Court then granted an Order partially lifting the stay to allow SBA to commence proceedings in this Court against Defendant Silver Creek Construction, the maker of a note in favor of Hanam, and Thomas Choi and So Hyun Park as the Guarantors of Silver Creek's debt. Compl. ¶ 4.

On February 11, 2013, Hanam served written notice of the default and a demand for payment on Silver Creek, Choi, and Park at their last known addresses. *Id.* ¶ 81. Hanam exercised its option to accelerate the entire amount of the Loan, including unpaid principal and interest, and demanded that the entire sum be paid no later than February 28, 2013. *Id.* ¶ 82. Hanam served a second written notice of default and demand on February 26, 2013. *Id.* ¶ 83. The second notice repeated the demand that the entire unpaid amount of the Loan be paid by February 28, 2013. *Id.* ¶ 84. No payments were received. *Id.* ¶ 85.

**C. Procedural History**

On October 8, 2013, SBA filed this Mortgage foreclosure action on behalf of Hanam as a proceeding ancillary to the receivership action. *Id.* ¶ 1. The Complaint contains four counts: (1) foreclosure; (2) breach of note; (3) attachment of rents; (4) attorney's fees. *Id.* ¶¶ 89-121.

At the time the Complaint was filed, the total principal, interest, and late charges owed was $626,226.19 plus $162.82 for each day from October 9, 2013 to the date of full repayment. *Id.* ¶ 9. The breakdown of these charges is

as follows: $396,204.75 of principal and $6,412.77 in late charges for each unpaid installment from November 2008, to January 2013; $22,422.53 in unpaid default interest accruing from November 15, 2007, to May 31, 2008, at a rate of 17.5% per annum (after crediting a $15,000.00 payment toward outstanding default interest); $201,186.14 in unpaid default interest accruing from June 1, 2009, to October 8, 2013, at the default rate of 15% per annum (after crediting $57,703.35 payment towards the outstanding default interest); and $162.82 for each day from and including October 9, 2013. Compl. ¶¶ 8, 86-87.

SBA, as the Receiver for Hanam, requests the total amount of principal, interest, and charges. To obtain that sum, SBA requests that the Court order the sale of the Mortgaged Premises and declare that the Defendants are foreclosed from any interest or title in it. Compl. at 27.

## II.   ANALYSIS

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher,* Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at * 2.

## A. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a). Here, the Defendants were properly served and have failed to respond to the Complaint. *See* Docket Nos. 4-7, 9. Defendants' time to respond to the Complaint has long since expired. The clerk has entered default. (Docket No. 11). Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

## B. Three Factor Analysis

I must now evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

Evaluating the first factor is made difficult, of course, by the Defendants' failure to answer or oppose this motion. However, my independent review of the record does not suggest that the claims asserted by SBA (as Receiver) are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990), I find that SBA has stated a claim for relief.

The Complaint contains four causes of action. In essence these claims amount to a breach of the Mortgage agreement, memorialized in the Note and Loan Agreement. The Plaintiff's motion for default therefore cites only its claim against the Defendants for breach of contract (Count 2 of the Complaint). Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations. *Coyle v. Englander's*, 199

7

N.J.Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Those elements are satisfied here.

The facts alleged and the annexed exhibits, as well as the declaration submitted in support of  SBA's motion, establish: (1) the existence of a commercial loan evidenced by a Note executed and delivered by Silver Creek and secured by a Mortgage granted by Choi; (2) that such Note was breached by non-payment and remains in breach; (3) that Hanam has accrued damages of $626,226.19 plus $162.82 for each day from and including October 9, 2013 to the date of full repayment, as well as fees and expenses incurred by Hanam or its Receiver in connection with enforcing its rights under the Note; and (4) that Hanam has performed under the terms of the Note by providing the Loan principal amount to Defendants Silver Creek and Choi. *See* Docket Nos. 1, 1-1 – 1-11; Pl. Br. (Docket No. 15) at 13, Pl. Cert. (Docket Nos. 13, 14). In sum, the facts show the existence of an enforceable contract with Silver Creek/Choi, the breach of that contract through default, and damages accrued by Hanam. Nothing before me indicates that Hanam failed to perform its own obligations. From these facts, I cannot discern a meritorious defense.

The second and third factors also weigh in favor of default. This Court appointed SBA as Receiver so that it could liquidate Hanam's assets and satisfy the claims of Hanam's creditors. Preventing the Receiver from carrying out its purpose will thus prejudice SBA, Hanam, and Hanam's creditors. Moreover, there is no indication that the Defendants are not culpable for the default. The Defendants were properly served in December 2013 and have failed to respond or appear in any manner. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624 (JBS/JS), 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in its default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403 at *1 (D.N.J. February 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment).

Overall, the factors support the entry of default judgment against the Defendants and I find that default judgment is appropriate.

8

**C. Remedies**

SBA seeks the following monetary relief totaling $626,226.19: (1) $396,204.75 in unpaid principal; (2) $6,412.77 in late charges from November 2008 - January 2013; (3) $22,422.53 in unpaid default interest accruing on the outstanding principal from November 15, 2008 to May 31, 2009 at the default rate of 17.5% per annum (subtracting $15,000 payment towards default interest); (4) $201,186.14 in unpaid default interest accruing on the outstanding principal from June 1, 2009 to October 8, 2013 at the default rate of 15% per annum (after subtracting $57,703.35 payment towards default interest); and (5) $162.82 for each day from October 9, 2013. Pl. Br. at 17.

SBA also seeks declaratory relief barring and foreclosing all the Defendants from all estate, right, title, interest, claim, lien and equity of redemption in the Mortgaged Premises. *Id.* SBA also asks that this Court order that the Mortgaged Premises, including the personal property specified in the Mortgage and security agreements, be lawfully sold, and that the proceeds from the sale be brought into Court to be paid to SBA as the Receiver. *Id.* at 17-18. Specifically, the Receiver requests the amount due, including any interest and late charges, as well as the costs of this action, and any sum incurred by Hanam or SBA under the Loan Agreement, Note, and Mortgage, and any other related loan documents, or any sum incurred to protect the Mortgage (*i.e.* taxes, maintenance, security). *Id.* at 18. SBA also requests that the Court order Silver Creek to pay Hanam any residual debt after the sale of the Mortgaged Premises. *Id.* at 19.

SBA also requests that a receiver be appointed for the rents and profits of the Mortgaged Premises during the pendency of this action. *Id.* at 18. Defendants Silver Creek, Choi, and any tenants or occupants must pay any rents, issues, or profits from the Mortgaged Premises to the Receiver. *Id.*

Finally, SBA requests that the Court declare that any other liens Hanam possesses against the Mortgaged Premises be preserved and that Hanam be permitted to enforce any such liens or seek determination of their priority in other proceedings.

I will grant the requested relief. The monetary relief requested is supported by the terms of the Loan Agreement, Note, and Mortgage. I note that at present, the daily charge of $162.82 continues to accrue. The requested declaratory and injunctive relief is also appropriate in order to ensure the sale

of the Mortgaged Premises so that the Receiver is able to liquidate Hanam's assets. SBA will be appointed as the receiver for the collection of any rents or profits from the Mortgaged Property.[9]

### III.   CONCLUSION

For the foregoing reasons, the plaintiff's motion for default judgment is **GRANTED.** A default judgment will be entered in favor of Plaintiff SBA, as Receiver for Hanam, in the amount of $626,226.19 plus $162.82 per day from October 9, 2013 until the date of full repayment. The Mortgaged Premises is to be sold, and the proceeds paid to Hanam. Silver Creek will be responsible for any debt remaining after the sale of the premises.

SBA is appointed as the receiver for the collection of any rents and profits. Any such rents or profits are to be paid to SBA by Silver Creek, Choi, and any other tenants or occupants.

An Order will be entered in accordance with this Opinion.

Dated: August 11, 2014

_____
**KEVIN MCNULTY**
**United States District Judge**

---

[9]      SBA may already have this power under the Receivership Order entered in the separate receivership proceeding before me. *See United States of America v. Hanam,* Civ. No. 12-6994 (KM) (Docket No. 3).