UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION as Receiver for Hanam Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SILVER CREEK CONSTRUCTION CO., LLC, THOMAS CHOI, , et al..<br><br>Defendants. | Civ. No. 13-6044<br><br>(KM)(MAH)<br><br>MEMORANDUM AND ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

This is a motion by defendant Thomas Choi ("Choi") under N.J. Stat. Ann. § 2A:16-49 to cancel of record a judgment that has been discharged in bankruptcy.

In 2008, Choi, as owner of certain Premises in Ridgefield Park, New Jersey, granted Hanam a first lien on the Premises to secure a loan from Hanam to defendant Silver Creek Construction Co. ("Silver Creek"). Choi was also a guarantor. On May 22, 2013, Choi and his wife filed a Chapter 7 petition in bankruptcy, and by order dated August 1, 2013, the bankruptcy court granted a discharge of debts.

On October 8, 2013, the United States Small Business Administration ("SBA"), as receiver for Hanam Capital Corporation ("Hanam"), brought this mortgage foreclosure action. No defendant answered or appeared. The clerk entered default, and the Court granted plaintiff's motion for a default judgment. On August 11, 2014, I signed an order in the form supplied by plaintiff, which bears a blunderbuss title that has perhaps contributed to some of the evident confusion here: "ORDER FOR DEFAULT JUDGMENT AGAINST DEFENDANTS." (ECF no.

20)

On November 5, 2014, again using the form supplied by the plaintiff, I signed a Final Judgment for Foreclosure and Possession, together with a writ of execution permitting a sheriff's sale of the Premises. (ECF nos. 22, 23)

It appears that the August 11, 2014, order turned up in an abstract of judgment as a personal money judgment against Mr. Choi. That is incorrect; this was an action to foreclose interests in the property. My understanding is that the Clerk has corrected this. The parties have entered into a lively dispute over the content of counsel's telephone calls to the clerk, but the dispute is moot. My order, below, will ensure that my understanding is correct.

Mr. Choi also objects that as of August 26, 2014, a judgment search by the Charles Jones firm continued to show this as a money judgment against Choi. Presumably this is a case of lag time, but in any event I am not equipped to correct the records of a third-party search firm.

The parties agree that the distinction to be drawn is this. The foreclosure action as against the property passes through the Choi bankruptcy unscathed. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). By contrast, an *in personam* claim for money against Choi is dischargeable in bankruptcy.

The plaintiff acknowledges that its default judgment in this action is one for foreclosure and associated relief only. It is not, and never was, a money judgment against Choi personally. (*See* ECF no. 37, Pl. Brf. 6)

So what is the dispute about? Choi, relying on the Charles Jones search, says this Court has entered an *in personam* money judgment against him, that this judgment was discharged in bankruptcy, and that it should now be cancelled of record. Plaintiff replies that since there never was a money judgment against Choi, there never was a discharge in bankruptcy, and there is nothing to cancel. The only judgment in this

2

case is one for foreclosure and associated relief, which is non-dischargeable.

The plaintiff's view as to the scope and effect of the Court's judgment is the correct one. I nevertheless understand Choi's concern that there not be an erroneous money judgment filed against him in this Court. Accordingly,

IT IS this 5th day of January, 2017

ORDERED as follows:

1. The clerk shall, to the extent still necessary, correct the Court's records to clarify that there is no personal money judgment against Mr. Choi filed in this action;

2. To remove doubt, the Court declares that the operative final judgment in this action is one for foreclosure and associated relief, entered on November 5, 2014 (ECF no. 22);

3. The motion for discharge of judgment (ECF no. 33) is DENIED as moot.

Kevin McNulty
United States District Judge